UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL MERRIWEATHER,

    Plaintiff,

v.     CAUSE NO. 3:22-CV-780-DRL-MGG

WILLIAM R. HYATTE *et al.*,

    Defendants.

## OPINION AND ORDER

Michael Merriweather, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983.[1] (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Merriweather is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

---

[1] The case was filed in the Southern District of Indiana and transferred to this district on September 14, 2022.

Mr. Merriweather is incarcerated at Miami Correctional Facility (MCF). His complaint alleges a variety of wrongdoing at MCF between February 2022 and July 2022. Among other things, he claims that MCF Warden William R. Hyatte "denied me protective custody while having knowledge I'm a liability;" there was a "hit" placed on him by unknown correctional officers; other inmates are listening to his phone conversations; his last three cellmates "abused either meth or kattle while posing a threat to me everyday;" he requested mental health treatment for unspecified issues and still has not been seen; his legal mail was withheld from him for 10 days; he witnessed a stabbing while in the L-house dormitory; he had a problem with the hot water in his sink; and he has been "drugged twice" since being transferred to the protective custody unit. He seeks $5 million in damages among other relief.

Mr. Merriweather mentions a variety of staff members in connection with these events, although he names only the Warden and the prison as defendants. If he is trying to sue individual staff members over these discrete incidents, he must do so in separate lawsuits. Unrelated claims against unrelated defendants belong in different lawsuits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The mere fact that all these individuals work at the prison does not mean Mr. Merriweather can lump all his claims against them in one lawsuit. *See Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (observing that prisoner-plaintiff's "scattershot strategy" of filing an "an omnibus complaint against unrelated defendants . . . is unacceptable").

If Mr. Merriweather is trying to hold the Warden responsible for all of these discrete incidents, liability under 42 U.S.C. § 1983 is based on personal responsibility, and

2

the Warden cannot be held liable for damages solely because he is the top official at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). The court cannot plausibly infer from the complaint that the Warden was personally involved in the bulk of the incidents he describes, including listening to his phone calls, drugging him, withholding his mail, failing to fix his sink, or denying him mental health treatment.[2]

He does state that the Warden denied him protective custody, and the Eighth Amendment imposes a duty on prison officials to "protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). However, "prisons are dangerous places," as "[i]nmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz*, 398 F.3d 904, 913 (7th Cir. 2005). Instead, the plaintiff must allege that "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Santiago v. Wells*, 599 F.3d 749, 756 (7th Cir. 2010). This is a high standard. To be held liable, a defendant must have "acted with the equivalent of criminal recklessness, in this context meaning they were actually aware of a substantial harm to [plaintiff's] health or safety,

---

[2] To the extent the complaint could be read to assert an official capacity claim against the Warden for ongoing medical care, Mr. Merriweather does not provide enough detail about whether he has a serious medical need and whether anyone at the prison has been deliberately indifferent to that need to state a plausible claim. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

yet failed to take appropriate steps to protect him from the specific danger." *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008). Merely expressing concerns for one's safety or asking to be moved, without linking it to a specific risk of harm, is insufficient. *See id.* Additionally, the bare fact that an inmate was denied protective custody is "not dispositive" in determining whether a prison official was deliberately indifferent to his safety. *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997).

Mr. Merriweather's allegations about the denial of his request for protective custody are quite general. He does not provide any details about when this occurred, what information he conveyed to the Warden, and what happened after he was denied protective custody. Instead, he states only that the Warden knew he was "a liability." It is also evident from his complaint and an accompanying document that he is now in the protective custody unit. The court cannot plausibly infer from his complaint that the Warden was actually aware of a substantial risk to his safety and "failed to take appropriate steps to protect him from the specific danger."[3] *Klebanowski*, 540 F.3d at 640. He also names the prison as a defendant, but this is a building, not a "person" or policy-making body that can be sued for constitutional violations under 42 U.S.C. § 1983. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

---

[3] He appears to claim in a filing accompanying his complaint that the Warden put "a hit on him" and is orchestrating a conspiracy against him. (ECF 2.) The court finds such allegations in the realm of "fantastic" or "delusional." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). In that document he also references two cases he filed in the Southern District of Indiana and appears to request reconsideration of orders issued in those cases. This court cannot grant him relief in cases pending or decided by other judges.

Therefore, he has not stated a plausible constitutional claim against any defendant. In the interest of justice, the court will allow him an opportunity to file an amended complaint if after reviewing the court's order, he believes that he can state a plausible constitutional claim based on these events, consistent with the allegations he has already made under penalty of perjury. *See Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024 (7th Cir. 2013).

For these reasons, the court:

(1) GRANTS the plaintiff until **October 17, 2022**, to file an amended complaint if he chooses; and

(2) CAUTIONS him that if he does not respond by the deadline, this case is subject to dismissal under 28 U.S.C. § 1915A because the current complaint does not state a claim upon which relief can be granted.

SO ORDERED.

September 16, 2022                              *s/ Damon R. Leichty*
                                                                Judge, United States District Court